FILED

2006 Jul-14  AM 09:52
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ] | |
| | ] | |
| Plaintiff, | ] | |
| | ] | |
| vs. | ] | CV-03-CO-00720-S |
| | ] | |
| WILLIAM T. OWENS & WESTON L. SMITH, | ] | |
| | ] | |
| Defendants. | ] | |

FINAL JUDGMENT AS TO DEFENDANT WESTON L. SMITH

The Securities and Exchange Commission having filed a Complaint and Defendant Weston L. Smith ("Smith") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment as to Defendant Weston L. Smith ("Final Judgment") without admitting or denying the allegations of the Complaint (except as to jurisdiction and venue); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment.

I.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Defendant, and

his agents, servants, employees, and attorneys, and those persons in active concert or

participation with him who receive actual notice of this Final Judgment, by personal

service or otherwise, and each of them, be and hereby are permanently enjoined and

restrained from violating, directly or indirectly, or aiding and abetting violations of,

Section 17(a) of the Securities Act of 1933 [15 U.S.C. § 77q(a)], by, through the use of

any means or instruments of transportation or communication in interstate commerce or

by the use of the mails:

1.    employing any device, scheme or artifice to defraud;

2.    obtaining money or property by means of any untrue statement of a

       material fact or any omission to state a material fact necessary in order to

       make the statements made, in the light of the circumstances under which

       they were made, not misleading; or

3.    engaging in any transaction, practice, or course of business which operates

or would  operate as a fraud or deceit upon the purchaser, in the offer or sale of any security.

## II.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant, and Defendant's agents, servants, employees, and attorneys, and those persons in active concert or participation with Defendant who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, be and hereby are permanently enjoined and restrained from violating, directly or indirectly, or aiding and abetting violations of, Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5], by, through the use of any means or instrumentality of interstate commerce or of the mails or of any facility of any national securities exchange:

1.      employing any device, scheme or artifice to defraud;

2.      making any untrue statement of a material fact or omitting to state

a material fact necessary in order to make the statements made, in light

of the circumstances under which they were made, not misleading; or

3.      engaging in any act, practice, or course of business which operates

or would operate as a fraud or deceit upon any person, in connection with

the purchase or sale of any security.

III.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant, and

Defendant's agents, servants, employees, and attorneys, and those persons in active

concert or participation with them who receive actual notice of this Final Judgment, by

personal service or otherwise, and each of them, be and hereby are permanently enjoined

and restrained from aiding and abetting violations of Section 13(a), 13(b)(2)(A) and

13(b)(2)(B) of the Exchange Act [15 U.S.C. § 78m(a), 78m(b)(2)(A) and 78m(b)(2)(B)]

and Rules 12b-20, 13a-1 and 13a-13 thereunder [17 C.F.R. §§ 240.12b-20, 240.13a-1

and 240.13a-13], or, unless Defendant acts in good faith and does not directly or indirectly induce the act or acts constituting the violation, controlling any person who violates such section and rules, by:

1.  filing any materially untrue, incorrect, false or misleading annual report of any issuer with a security registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or any issuer which is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)];

2.  filing any materially untrue, incorrect, false or misleading quarterly report of any issuer with a security registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or any issuer which is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)]; or

3.  failing, in addition to information expressly required to be included in statements or reports filed with the Commission, to add such further material information, if any, as may be necessary to make required

statements, in light of the circumstances under which they are made, not

misleading;

4.      failing to make and keep books, records, and accounts, which, in

reasonable detail, accurately and fairly reflect the transactions and

dispositions of the assets of any company which has a class of securities

registered pursuant to Section 12 of the Exchange Act [15 U.S.C. 78l] or

any company which is required to file reports pursuant to Section 15(d) of

the Exchange Act [15 U.S.C. 78o(d)]; or

5.      failing to devise and maintain a system of internal accounting controls, of

any company which has a class of securities registered pursuant to Section

12 of the Exchange Act [15 U.S.C. 78l] or any company which is required

to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C.

78o(d)], sufficient to provide reasonable assurances that:

(a)    transactions are executed in accordance with management's general or specific authorization;

(b)    transactions are recorded as necessary to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such statements, and to maintain accountability for assets;

.          (c)    access to assets is permitted only in accordance with management's general or specific authorization; or

(d)    the recorded accountability for assets is compared with the existing assets at reasonable intervals and appropriate action is taken with respect to any differences.

IV.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant, and Defendant's agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, be and hereby are permanently enjoined and restrained from violating, directly or indirectly, Section 13(b)(5) of the Exchange Act [15 U.S.C. § 78m(b)(5)] and Rule 13b2-1 thereunder [17 C.F.R. § 240.13b2-1], by:

1. knowingly circumventing or knowingly failing to implement a system of internal accounting controls or knowingly falsifying any book, record, or account of any issuer which has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or any company which is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)]; or

2.  falsifying or causing to be falsified, directly or indirectly, any book, record or account of any company which has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or any company which is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

V.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant be, and hereby is, permanently barred from acting as an officer or director of any issuer having a class of securities registered with the Commission pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)], pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)].

VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that

Defendant is liable for disgorgement of $4,897,124, representing profits gained

[losses avoided] as a result of the conduct alleged in the Complaint, together with

prejudgment interest thereon in the amount of $2,021,211, for a total of $6,918,335.

This amount is reduced by $1.5 million because of the order entered in U.S. v.

Weston L. Smith, CR-03-PT-0126-S, imposing that amount in restitution/forfeiture.

Based on Defendant's sworn representations in his Statement of Financial Condition

dated October 31, 2005, and other documents and information submitted to the

Commission, however, the Court is not ordering Defendant to pay a civil penalty and

payment of all but the aforementioned $1.5 million of the disgorgement and pre-

judgment interest thereon is waived.  Defendant shall also pay post-judgment interest

on any delinquent amounts pursuant to 28 USC § 1961.  The determination not to

impose a civil penalty and to waive payment of all but $1.5 million of the

disgorgement and pre-judgment interest is contingent upon the accuracy and

completeness of Defendant's Statement of Financial Condition.  If at any time

following the entry of this Final Judgment the Commission obtains information

indicating that Defendant's representations to the Commission concerning his assets,

income, liabilities, or net worth were fraudulent, misleading, inaccurate, or

incomplete in any material respect as of the time such representations were made, the

Commission may, at its sole discretion and without prior notice to Defendant, petition

the Court for an order requiring Defendant to pay the unpaid portion of the

disgorgement, pre-judgment and post-judgment interest thereon, and the maximum

civil penalty allowable under the law.  In connection with any such petition, the only

issue shall be whether the financial information provided by Defendant was fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made. In its petition, the Commission may move this Court to consider all available remedies, including, but not limited to, ordering Defendant to pay funds or assets, directing the forfeiture of any assets, or sanctions for contempt of this Final Judgment. The Commission may also request additional discovery. Defendant may not, by way of defense to such petition: (1) challenge the validity of the Consent or this Final Judgment; (2) contest the allegations in the Complaint filed by the Commission; (3) assert that payment of disgorgement, pre-judgment and post-judgment interest or a civil penalty should not be ordered; (4) contest the amount of disgorgement and pre-judgment and post-judgment interest; (5) contest the imposition of the maximum civil penalty allowable under the law; or (6)

assert any defense to liability or remedy, including, but not limited to, any statute of

limitations defense.

## VII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED  that

the Consent is incorporated herein with the same force and effect as if fully set forth

herein, and that Defendant shall comply with all of the undertakings and agreements

set forth therein.

## VIII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED

that this Court shall retain jurisdiction of this matter for the purposes of enforcing

the terms of this Final Judgment.

IX.

There being no just reason for delay, pursuant to Rule 54(b), 58, and 77(d)

of the Federal Rules of Civil Procedure, the Clerk is requested to enter this Final

Judgment forthwith and without further notice.

Done this <u>26th</u> day of <u>June 2006</u>.


_____

L. SCOTT COOGLER

UNITED STATES DISTRICT JUDGE

139297